```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

Alkarim Pirbhai Lakhani,       :
                               :
        Petitioner,            :
                               :
     v.                        :      Case No. 2:11-cv-307
                               :
U.S. Citizenship and           :
Immigration Services,          :
Vermont Service Center,        :
St. Albans, Vermont,           :
                               :
        Respondent.            :

                        OPINION AND ORDER
                      (Docs. 2, 4, 6 and 7)

　　　*Pro se* petitioner Alkarim Pirbhai Lakhani, a native of Pakistan, petitions the Court pursuant to 8 U.S.C. § 1447(b) to take jurisdiction over his application for naturalization.  Lakhani also moves the Court to stay his removal from the United States.  The government has moved to dismiss the petition, arguing first that Lakhani does not have a naturalization application pending.  The government further argues that the Court lacks jurisdiction because at the time the petition was filed, Lakhani was being held in the Western District of New York.  The government's final argument is that the petition was not properly served.  For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED.

Factual Background

Lakhani states that on July 23, 2011, he filed a motion to reopen with the United States Citizenship and Immigration Service ("USCIS").  He alleges that USCIS failed to "make their decision [on the motion to reopen] within the time frame required," and that this Court should therefore accept jurisdiction pursuant to  8 U.S.C. § 1447(b).  Because 8 U.S.C. § 1447 is entitled "Hearings on denials of applications for naturalization," the Court interprets the petition as alleging a pending naturalization application, and that the motion to reopen pertained to that application.

The government contends that Lakhani does not have a naturalization application pending.  In support of this assertion, the government has submitted an affidavit from Lynn Boudreau, Assistant Center Director at the USCIS Vermont Service Center.  Boudreau attests that "USCIS has no record of a pending Motion to Reopen filed by Alkharim Pirbhai Lakhani."  (Doc. 8-1 at 1.)  Moreover, "[t]here is no Application for Naturalization, Form N-400, filed by Lakhani with USCIS," and no pending "Form I-485" adjustment application.  *Id.*  Boudreau further explains that Lakhani did file a motion to reopen with respect to an "Application

2

to Register Permanent Resident or Adjust Status" that had been denied in 2005. The matter was reopened, and was denied again in 2008. *Id.*

Lakhani also moves the Court to stay his removal from the United States. The government reports that Lakhani has had "several" motions to stay removal denied by the United States Court of Appeals for the Sixth Circuit. (Doc. 6 at 3.) Motions to stay removal were also denied by this Court, and by the United States Court of Appeals for the Second Circuit. *See Lakhani v. USCIS*, 2011 WL 4715171, at *2 (D. Vt. Sept. 30, 2011); *Lakhani v. USCIS*, Case No. 11-4315 (2d Cir. Apr. 9, 2012) (unpublished order). On May 8, 2012, Lakhani was removed from the United States to Pakistan.

## Discussion

The government moves to dismiss for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)); *see also Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003). In considering a motion to dismiss for lack

of subject matter jurisdiction, a district court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted).  This Court also "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

    Here, Lakhani asks the Court to take jurisdiction pursuant to 8 U.S.C. § 1447(b).  Section 1447(b) states that if USCIS fails to make a determination within 120-days, the applicant may apply to a federal district court "for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C. § 1447(b).  For support, he cites, *inter alia*, *United States v. Hovsepian*, 359 F.3d

1144, 1159-64 (9th Cir. 2004), in which the Ninth Circuit held that a district court obtains exclusive jurisdiction over a naturalization application when USCIS fails to act on the application within the statutorily-prescribed time period.

The government submits that no such application is pending.  Lakhani's reply memorandum, submitted as a "motion to amend" (Doc. 7), does not counter the government's assertion, and instead presents the Court with additional case law on the question of district court jurisdiction over adjustment applications.  With no record of a pending naturalization or adjustment application, the Court finds that there is no basis for jurisdiction under 8 U.S.C. § 1447(b).  *See Ajlani v. Chertoff*, 545 F.3d 229, 240 (2d Cir. 2008) (noting that relief under § 1447(b) is only available when executive branch fails to make a determination on a naturalization application).[1]

Furthermore, Lakhani has not established that this

---

[1] To the extent that Lakhani's motion to amend (Doc. 7) seeks to add a claim under the Administrative Procedures Act ("APA"), the Court finds that without a pending application to review, the requirements of the APA do not apply.  *See Top Choice Distributors, Inc. v. U.S. Postal Serv.*, 138 F.3d 463, 466 (2d Cir. 1998) (requiring final agency action prior to judicial review under the APA).  The motion to amend (Doc. 7) is therefore DENIED.  *See Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (holding that court may deny motion to amend "when amendment would be futile").

Court is the proper venue for his petition.  Under 8 U.S.C. § 1447(b), an applicant for naturalization "may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter . . . ."  8 U.S.C. § 1447(b).  When he filed the instant case, Lakhani was being held in the Western District of New York.  Although a prisoner's current location "may not necessarily establish residence," *Santamaria v. Holder*, 2012 WL 566073, at *9 (S.D.N.Y. Feb. 21, 2012), nothing in the record suggests that he is a resident of Vermont.  *See* 8 C.F.R. § 316.5 (defining "residence" for purposes of naturalization).  Without evidence of Lakhani's place of residence, the Court cannot find that this is "the district in which the applicant resides," and thus cannot accept jurisdiction over his case.  8 U.S.C. § 1447(b).

    Finally, with respect to Lakhani's motion for a stay of removal, the Court finds that the motion is moot because Lakhani has since been removed to Pakistan.  *See Jean v. Gonzales*, 452 F.3d 392, 395 (5th Cir. 2006); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1338 (11th Cir. 2001).  The motion to stay is therefore DENIED.

Conclusion

For the reasons set forth above, the government's motion to dismiss (Doc. 6) is GRANTED, and Lakhani's petition under 8 U.S.C. § 1447 (Doc. 4) is DENIED. Lakhani's motion to amend his petition (Doc. 7) is also DENIED.  In light of this dismissal, Lakhani's motion for appointment of counsel (Doc. 2) is DENIED as moot.

Dated at Burlington, in the District of Vermont, this 30th day of July, 2012.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court